# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58813-7-II |
| Respondent, | |
| v. | |
| BOBBI JEAN LATCH, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Bobbi J. Latch appeals the superior court's order denying her motion for cash reimbursement for the community service work that she completed to satisfy her legal financial obligations (LFOs) after her unlawful possession of a controlled substance conviction was vacated. Latch argues that due process requires her to be reimbursed for community service work converted to LFO payments. We disagree and affirm the superior court's order.

## FACTS

In 1997, Latch was convicted of unlawful possession of a controlled substance. In lieu of jail time, Latch was sentenced to 240 hours of community service and 12 months of community supervision. The superior court also imposed $1,860 in LFOs. After she had completed most of her community service work, the superior court allowed her to satisfy her remaining LFOs by continuing to do community service work with a local community center. In addition to paying $500 in cash toward her LFOs, Latch completed 250 hours of community service work, which the court valued at $1,907.50 to be credited to her LFOs.

In 2023, Latch moved to vacate her conviction under *State v. Blake*[1] and reimbursement of her $500 LFO payment. She also sought reimbursement for $1,907.50, which she calculated to be the monetary amount for the community service work she completed in lieu of LFO payments. The superior court granted Latch's motion in part; it vacated her conviction and reimbursed her for the $500 payment, but it denied her request for reimbursement for the monetary value of her community service work.

Latch appeals.

ANALYSIS

Citing to *Nelson v. Colorado*, 581 U.S. 128, 137 S. Ct. 1249, 197 L. Ed. 2d 611 (2017), Latch argues that principles of due process require her to be reimbursed for community service work converted to LFO payments. We disagree.

In *Nelson,* the United States Supreme Court addressed a procedural due process challenge to a Colorado law that allowed reimbursement of fees paid based on a conviction that had been overturned but only if the defendant proved their innocence. *Id.* at 134. Applying the *Mathews*[2] test, the Court concluded that the Colorado law violated procedural due process. *Id.* at 139.

Latch relies on *Nelson* to support her argument that due process requires her to be reimbursed for community service work converted to LFO payments. Although Latch recognizes that *Nelson* addressed a procedural due process issue, she argues that the opinion rests on a foundational principle that requires states to refund fees, costs, and restitution exacted from a defendant based on an overturned conviction. Latch argues this foundational principal also

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

[2] *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

extends to community service work converted to LFO payments. Although the phrase "substantive due process" does not appear in her brief, it appears that Latch is arguing that substantive due process, rather than procedural due process, requires reimbursement of community service work converted to LFO payments.

Recently, this court addressed the same argument in *State v. Nelson*. *State v. Nelson*, No. 58161-2-II, slip op. at 7 (Wash. Ct. App. Oct. 29, 2024).[3] This court noted that, to the extent *Nelson*, 581 U.S. 128, actually recognized a constitutionally protected interest, it recognized only a constitutionally protected interest in money actually paid to the state. *Id*. Further, applying principles of substantive due process, this court held that the defendant failed to establish that there was a fundamental right to repayment of money for community service work converted to LFO payments. *Id*. at 7-8. We agree with the reasoning of *Nelson* and decline, on this record, to recognize a constitutionally protected interest in reimbursement for community service work converted to LFO payments. Accordingly, principles of due process do not require Latch to be reimbursed for community service work converted to LFO payments.

## CONCLUSION

Because Latch has failed to establish a constitutionally protected interest in reimbursement for community service work converted to LFO payments, Latch's due process claim fails. Accordingly, we affirm the superior court.

---

[3] https://www.courts.wa.gov/opinions/pdf/D2%2058161-2-II%20Published%20Opinion.pdf.

No. 58813-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

CHE, J.

4